# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 15-3054**  **September Term, 2015**

1:04-cr-00114-RBW-01

**Filed On: October 16, 2015**

In re: Zulma Natazha Chacin de Henriquez, et al.,

       Petitioners

    **BEFORE:**    Brown, Srinivasan, and Wilkins, Circuit Judges

### O R D E R

Upon consideration of the petition for writ of mandamus, the responses thereto, and the reply, it is

**ORDERED** that the petition for writ of mandamus be granted in part and the district court instructed to consider anew petitioners' motion to enforce rights under the Crime Victims' Rights Act, in accordance with the standards set out below.

The Crime Victims' Rights Act (CVRA) defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A). A deceased crime victim's rights may be asserted by a representative. 18 U.S.C. § 3771(d)(1). The family of Julio Henríquez petitions for statutory rights provided by the CVRA, arguing that Hernan Giraldo-Serna killed Henríquez in furtherance of a drug conspiracy. The district court disagreed, denying the movants' request for victim status under the CVRA. *United States of America v. Hernan Girlado-Serna*, 1:04-cr-00114 (D.D.C. August 7, 2015).

In determining whether Henríquez's family merited victim status under the CVRA, the district court limited its evaluation to the indictment and the statement of facts submitted by Giraldo-Serna as part of his negotiated plea agreement. But this approach misapplies the statute. Under the CVRA, victims may participate in proceedings even when there has been no formal charge. *See, e.g.*, 18 U.S.C. § 3771(a)(9). Because victim status can be argued for even prior to the filing of an indictment, it is clear that Congress intended courts to look beyond the four corners of an indictment or plea agreement. For example, in the context of the criminal conspiracy here, neither the indictment nor the statement of facts included in the plea agreement mention violence of any kind. And yet, logic allows for the inference — and Colombian court materials support — that Giraldo-Serna's paramilitary organization — which relied on "war taxes" to fund its operations and troops to control the region's coca growth — employed violence and force as part of its method of operation.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 15-3054**                                                                                                                   **September Term, 2015**

The district court maintained, however, that, even if it could look to other materials, the petitioners failed to show that the conspiracy offense committed by Giraldo-Serna was the direct and proximate cause of Henríquez's death. While it is true that there might have been more than a single cause contributing to the murder of Julio Henríquez, it is also true that a "but-for" cause of the murder could have been Henríquez's leadership of an organization dedicated to ending the production of coca within the region under the drug conspiracy's direct control. That there could be a multiplicity of possible "but-for" causes does not mean that the drug conspiracy fails to qualify as a "but-for" cause. *See Burrage v. United States*, 134 S. Ct. 881, 888 (2014). Thus, the district court misapprehended the legal standard, and thereby abused its discretion, *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011), and upon remand it should reconsider the matter applying the correct legal standard.

Finally, the district court emphasized that Henríquez's family would need to prove direct traceability between the importation of specific coca into the United States and Henríquez's murder. We certainly agree that a satisfactory nexus between the charged offense and the assertion of victim status is necessary. But direct traceability between, say, the importation of a single coca plant and the eventual murder of Henríquez is a prohibitively onerous burden. The pertinent question under the statute is whether the murder bears the requisite connection to the overall conspiracy to manufacture and/or distribute cocaine knowing or intending that it would be unlawfully imported into the United States, not whether the murder bears a connection to particular coca.

Congress crafted the CVRA to recognize the harm and anguish suffered by victims of crime. This is why Congress made the statutory rights under the CVRA permissively accessible. 18 U.S.C. § 3771(d)(3). This accessibility is balanced, of course, by the discretion granted to a trial judge to determine who qualifies for status under the CVRA and how best to manage a criminal proceeding in light of the CVRA. *See, e.g.,* 18 U.S.C. § 3771(d)(2). Here, the district court has already done much to the benefit of the petitioners, allowing them to participate in a limited capacity in the proceedings. We instruct the district court to reconsider whether taking the additional step of recognizing the petitioners as qualifying victims under the CVRA is required, including for purposes of the upcoming sentencing proceeding. It is

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 15-3054**　　　　　　　　　　　　　　　　**September Term, 2015**

**FURTHER ORDERED** that this order become effective immediately. <u>See</u> D.C. Cir. Rule 41(a)(3) (no mandate issues when the court grants or denies a writ of mandamus, but the order granting or denying the relief sought will become effective 21 days after issuance in the absence of an order or other special direction of this court to the contrary).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**<u>Per Curiam</u>**